UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

TRACY N.,

                           Plaintiff,

v.                                                         1:20-CV-0841
                                                                 (WBC)

COMMISSIONER OF SOCIAL SECURITY,

                           Defendant.
_____

| APPEARANCES: | OF COUNSEL: |
|---|---|
| LAW OFFICES OF KENNETH HILLER, PLLC<br>  Counsel for Plaintiff<br>6000 North Bailey Ave, Ste. 1A<br>Amherst, NY 14226 | KENNETH HILLER, ESQ.<br>ELIZZABETH HAUNGS, ESQ. |
| U.S. SOCIAL SECURITY ADMIN.<br>OFFICE OF REG'L GEN. COUNSEL – REGION II<br>  Counsel for Defendant<br>26 Federal Plaza – Room 3904<br>New York, NY 10278 | KRISTINA COHN, ESQ. |

William B. Mitchell Carter, U.S. Magistrate Judge,

## MEMORANDUM-DECISION and ORDER

      The parties consented, in accordance with a Standing Order, to proceed before the undersigned. (Dkt. No. 19.) The court has jurisdiction over this matter pursuant to 42 U.S.C. § 405(g). The matter is presently before the court on the parties' cross-motions for judgment on the pleadings pursuant to Rule 12(c) of the Federal Rules of Civil Procedure. For the reasons discussed below, Plaintiff's motion is denied, and the Commissioner's motion is granted.

**I.    RELEVANT BACKGROUND**

### A.  Factual Background

Plaintiff was born in 1963.  (T. 75.)  She completed high school.  (T. 179.) Generally, Plaintiff's alleged disability consists of coronary heart disease; cardiomyopathy; congestive heart failure; diabetes mellitus; hypertension; hyperglycemia; GERD; and ulcerative colitis.  (T. 178.)  Her alleged disability onset date is June 29, 2016.  (T. 75.)  Her date last insured is December 31, 2020.  (*Id*.)  Her past relevant work consists of hair stylist and manager.  (T. 179)

### B.  Procedural History

On October 5, 2016, Plaintiff applied for Disability Insurance Benefits ("SSD") under Title II, and Supplemental Security Income ("SSI") under Title XVI, of the Social Security Act.  (T. 75.)  Plaintiff's applications were initially denied, after which she timely requested a hearing before an Administrative Law Judge ("the ALJ").  On March 26, 2019, Plaintiff appeared before the ALJ, Brian LeCours.  (T. 30-62.)  On April 15, 2019, ALJ LeCours issued a written decision finding Plaintiff not disabled under the Social Security Act.  (T. 9-29.)  On May 6, 2020, the AC denied Plaintiff's request for review, rendering the ALJ's decision the final decision of the Commissioner.  (T. 1-6.) Thereafter, Plaintiff timely sought judicial review in this Court.

### C.  The ALJ's Decision

Generally, in his decision, the ALJ made the following five findings of fact and conclusions of law.  (T. 14-24.)  First, the ALJ found Plaintiff met the insured status requirements through December 31, 2020 and Plaintiff had not engaged in substantial gainful activity since June 29, 2016.  (T. 14.)  Second, the ALJ found Plaintiff had the severe impairments of: history of cardiomyopathy, non-obstructive coronary artery

2

disease, essential hypertension, type II diabetes, peripheral neuropathy, and morbid obesity. (*Id*.) Third, the ALJ found Plaintiff did not have an impairment that meets or medically equals one of the listed impairments located in 20 C.F.R. Part 404, Subpart P, Appendix. 1. (T. 19.) Fourth, the ALJ found Plaintiff had the residual functional capacity ("RFC") to perform light work, except Plaintiff required ready access to a restroom and should avoid exposure to unprotected heights and dangerous machinery. (T. 20.)[1] Fifth, the ALJ determined Plaintiff capable of performing past relevant work as a bank teller, hair stylist and hair salon manager. (T. 23.)

## II. THE PARTIES' BRIEFINGS ON PLAINTIFF'S MOTION

### A. Plaintiff's Arguments

Plaintiff makes one argument in support of her motion for judgment on the pleadings. Plaintiff argues the ALJ improperly crafted Plaintiff's RFC without medical expert guidance, resulting in a finding not supported by substantial evidence. (Dkt. No. 17 at 11-17.) Plaintiff also filed a reply in which she reiterated her original argument. (Dkt. No. 20.)

### B. Defendant's Arguments

In response, Defendant makes one argument. Defendant argues the ALJ's RFC finding is supported by substantial evidence. (Dkt. No. 18 at 5-12.)

## III. RELEVANT LEGAL STANDARD

---

[1] Light work involves lifting no more than 20 pounds at a time with frequent lifting or carrying of objects weighing up to 10 pounds. Even though the weight lifted may be very little, a job is in this category when it requires a good deal of walking or standing, or when it involves sitting most of the time with some pushing and pulling of arm or leg controls. To be considered capable of performing a full or wide range of light work, you must have the ability to do substantially all of these activities. If someone can do light work, we determine that he or she can also do sedentary work, unless there are additional limiting factors such as loss of fine dexterity or inability to sit for long periods of time. 20 C.F.R. §§ 404.1567(b), 416.967(b).

3

### A. Standard of Review

A court reviewing a denial of disability benefits may not determine *de novo* whether an individual is disabled. *See* 42 U.S.C. §§ 405(g), 1383(c)(3); *Wagner v. Sec'y of Health & Human Servs.*, 906 F.2d 856, 860 (2d Cir. 1990). Rather, the Commissioner's determination will only be reversed if the correct legal standards were not applied, or it was not supported by substantial evidence. *See Johnson v. Bowen*, 817 F.2d 983, 986 (2d Cir. 1987) ("Where there is a reasonable basis for doubt whether the ALJ applied correct legal principles, application of the substantial evidence standard to uphold a finding of no disability creates an unacceptable risk that a claimant will be deprived of the right to have her disability determination made according to the correct legal principles."); *Grey v. Heckler*, 721 F.2d 41, 46 (2d Cir. 1983); *Marcus v. Califano*, 615 F.2d 23, 27 (2d Cir. 1979).

"Substantial evidence" is evidence that amounts to "more than a mere scintilla," and has been defined as "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401, 91 S. Ct. 1420, 1427 (1971). Where evidence is deemed susceptible to more than one rational interpretation, the Commissioner's conclusion must be upheld. *See Rutherford v. Schweiker*, 685 F.2d 60, 62 (2d Cir. 1982).

"To determine on appeal whether the ALJ's findings are supported by substantial evidence, a reviewing court considers the whole record, examining evidence from both sides, because an analysis of the substantiality of the evidence must also include that which detracts from its weight." *Williams v. Bowen*, 859 F.2d 255, 258 (2d Cir. 1988).

If supported by substantial evidence, the Commissioner's finding must be sustained "even where substantial evidence may support the plaintiff's position and despite that the court's independent analysis of the evidence may differ from the [Commissioner's]." *Rosado v. Sullivan*, 805 F. Supp. 147, 153 (S.D.N.Y. 1992). In other words, this Court must afford the Commissioner's determination considerable deference, and may not substitute "its own judgment for that of the [Commissioner], even if it might justifiably have reached a different result upon a *de novo* review." *Valente v. Sec'y of Health & Human Servs.*, 733 F.2d 1037, 1041 (2d Cir. 1984).

B.      **Standard to Determine Disability**

The Commissioner has established a five-step evaluation process to determine whether an individual is disabled as defined by the Social Security Act. *See* 20 C.F.R. §§ 404.1520, 416.920. The Supreme Court has recognized the validity of this sequential evaluation process. *See Bowen v. Yuckert*, 482 U.S. 137, 140-42, 107 S. Ct. 2287 (1987). The five-step process is as follows:

> (1) whether the claimant is currently engaged in substantial gainful activity; (2) whether the claimant has a severe impairment or combination of impairments; (3) whether the impairment meets or equals the severity of the specified impairments in the Listing of Impairments; (4) based on a 'residual functional capacity' assessment, whether the claimant can perform any of his or her past relevant work despite the impairment; and (5) whether there are significant numbers of jobs in the national economy that the claimant can perform given the claimant's residual functional capacity, age, education, and work experience.

*McIntyre v. Colvin,* 758 F.3d 146, 150 (2d Cir. 2014).

IV.     **ANALYSIS**

Plaintiff argues the ALJ's RFC cannot be considered supported by substantial evidence. (Dkt. No. 17 at 11-17.) Plaintiff asserts, "without any sort of medical opinion

evidence on the functional effects of Plaintiff's intermingling and escalating physical impairments, the ALJ's RFC was little more than the ALJ playing doctor – which is strictly prohibited." (Dkt. No. 17 at 17.) Defendant argues the ALJ, in accordance with the regulations and Second Circuit caselaw, properly reviewed the totality of the evidence to correctly assess an RFC that was supported by substantial evidence. (Dkt. No. 18 at 4-12.) For the reasons outlined below, the ALJ did not commit legal error in formulating an RFC absent a medical opinion. The ALJ did not impermissibly draw medical conclusions; instead, and pursuant to his statutory authority, the ALJ considered the medical and other evidence in the record in its totality to reach an RFC determination.

The RFC is an assessment of "the most [Plaintiff] can still do despite [her] limitations." 20 C.F.R. §§ 404.1545(a)(1), 416.945(a)(1)[2]. An RFC finding is administrative in nature, not medical, and its determination is within the province of the ALJ. *Id*. §§ 404.1527(d)(2), 416.927(d)(2). The ALJ must access RFC based on all the relevant evidence contained in the record. *Id*. §§ 404.1545 (a)(3), 416.945(a)(3) ("We will assess your residual functional capacity based on all of the relevant medical and other evidence."). The RFC must be supported by substantial evidence, defined as "more than a mere scintilla." *Biestek v. Berryhill*, 139 S.Ct. 1148, 1154 (2019) (quoting

---

[2] On January 18, 2017, the agency published final rules titled "Revisions to Rules Regarding the Evaluation of Medical Evidence." 82 Fed. Reg. 5844. These final rules were effective as of March 27, 2017. Some of the new final rules state that they apply only to applications/claims filed before March 27, 2017, or only to applications/claims filed on or after March 27, 2017. *See, e.g.*, 20 C.F.R. §§ 404.1527, 416.927 (explaining how an adjudicator considers medical opinions for claims filed before March 27, 2017) and 20 C.F.R. §§ 404.1520c, 416.920c (explaining how an adjudicator considers medical opinions for claims filed on or after March 27, 2017); *see also* Notice of Proposed Rulemaking, 81 Fed. Reg. 62560, 62578 (Sept. 9, 2016) (summarizing proposed implementation process). Here, Plaintiff filed her claim before March 27, 2017. Thus, the 2017 revisions apply to this case, except for those rules that state they apply only to applications/claims filed on or after March 27, 2017.

*Consolidated Edison Co. of New York, Inc. v. National Labor Relations Board*, 305 U.S. 197, 229 (1938)). Substantial evidence "means only - such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Biestekl*, 139 S.Ct. at 1154 (internal citations and quotations omitted).

Moreover, an ALJ's RFC determination is not fatally flawed merely because it was formulated absent a medical opinion. The Second Circuit has consistently held where, "the record contains sufficient evidence from which an ALJ can assess the [plaintiff's] residual functional capacity, a medical source statement or formal medical opinion is not necessarily required." *Monroe v. Comm'r of Soc. Sec.,* 676 F. App'x 5, 8 (2d Cir. 2017) (internal quotations and citation omitted); *Cook v. Comm'r of Soc. Sec.,* 818 F. App'x 108, 109-110 (2d Cir. 2020) ("[A]lthough there was no medical opinion providing the specific restrictions reflected in the ALJ's RFC determination, such evidence is not required when 'the record contains sufficient evidence from which an ALJ can assess the [claimant's] residual functional capacity.' . . . Here, the treatment notes were in line with the ALJ's RFC determinations."); *Corbiere v. Berryhill*, 760 F. App'x 54, 56 (2d Cir. 2019) (affirming the Commissioner's final decision despite the lack of a medical opinion expressly discussing plaintiff's physical limitations and relying on plaintiff's treatment notes to formulate the RFC); *Trepanier v. Comm'r of Soc. Sec.*, 752 F. App'x 75, 79 (2d Cir. 2018) (the ALJ's RFC determination related to plaintiff's lifting requirement, while not directly supported by a medical opinion, was supported by an assessment from which the ALJ could infer that Plaintiff could perform the lifting requirement); *Johnson v. Colvin*, 669 F. App'x 44, 46 (2d Cir. 2016) (the ALJ properly relied on plaintiff's own testimony and a letter from a doctor stating that plaintiff had

severe functional limitations, but that he made improvement following surgery to determine that plaintiff could perform light work); *Matta v. Astrue*, 508 F. App'x 53, 57 (2d Cir. 2013) (because the ALJ's conclusions "may not perfectly correspond with any of the opinions of medical sources cited in [the ALJ's] decision" plaintiff's RFC was proper because it "took account of the opinions of all . . . experts and the notes of other treatment providers"); *Tankisi v. Comm'r Soc. Sec.*, 521 F. App'x 29, 34 (2d Cir. 2013) (where "the record contains sufficient evidence from which an ALJ can assess . . . residual functional capacity," a medical source statement or formal medical opinion is not necessarily required); *Pellam v. Astrue*, 508 F. App'x 87, 90 (2d Cir. 2013) (summary order) (upholding the ALJ's RFC determination where he "rejected" physician's opinion but relied on physician's findings and treatment notes). Therefore, Plaintiff's assertion that the ALJ's RFC determination was the product of legal error because it was not supported by a specific medical opinion is without merit.

Here, the ALJ formulated Plaintiff's RFC based on the record as a whole. *Trepanier,* 752 F. App'x at 79. The ALJ appropriately accounted for limitations he found supported by the record and the ALJ's thorough decision provides sufficient analysis for a meaningful review. Although the record failed to contain specific functional limitations, the ALJ relied on objective medical observations and opinions in the record in formulating the RFC.

Regarding Plaintiff's diabetes, the ALJ relied on evidence in the record describing her diabetic control as "improved," no evidence of diabetic retinopathy, and examination results indicating full visual fields. (T. 21, 22.) The ALJ considered a provider's observation that Plaintiff walked with a normal gait, had normal motor function, and

8

intact sensation to monofilament testing. (*Id.*) Plaintiff's podiatrist only recommended Plaintiff avoid walking barefoot. (*Id.*) The ALJ considered Plaintiff's obesity, noted the record documented no musculoskeletal disorders arising from that impairment, and concluded she should avoid engaging in "strenuous levels of physical exertion." (T. 20-21.) The ALJ considered objective observations of no motor weakness. (T. 22.) The ALJ stated he considered reports from a provider indicating Plaintiff had a history of non-compliance with medication and the provider suspected secondary gain. (*Id.*) The ALJ further considered, although ultimately determined it was of little probative value, a provider's statement Plaintiff should be able to return to work. (T. 23.) Lastly, the ALJ considered Plaintiff's daily activities including her ability to drive and grocery shop. (T. 22.) Accordingly, the ALJ did not substitute his own lay judgment for a competent medical opinion.

Plaintiff may disagree with the ALJ's conclusion; however, the Court must "defer to the Commissioner's resolution of conflicting evidence" and reject the ALJ's findings "only if a reasonable factfinder would have to conclude otherwise." *Morris v. Berryhill*, 721 F. App'x 29 (2d Cir. 2018) (internal citations and quotations omitted); *Krull v. Colvin*, 669 F. App'x 31 (2d Cir. 2016) (the deferential standard of review prevents a court from reweighing evidence). As long as substantial record evidence supports the ALJ's determination of the facts, the Court must defer to the ALJ's decision. *See Davila-Marrero v. Apfel*, 4 F. App'x 45, 46 (2d Cir. 2001) (citing *Alston v. Sullivan*, 904 F.2d 122, 126 (2d Cir. 1990)). As the Supreme Court stated, "whatever the meaning of 'substantial' in other contexts, the threshold for such evidentiary sufficiency is not high." *Biestek,* 139 S. Ct. at 1154.

**ACCORDINGLY**, it is

**ORDERED** that Plaintiff's motion for judgment on the pleadings (Dkt. No. 17) is **DENIED**; and it is further

**ORDERED** that Defendant's motion for judgment on the pleadings (Dkt. No. 18) is **GRANTED**; and it is further

**ORDERED** that Defendant's unfavorable determination is **AFFIRMED**; and it is further

**ORDERED** that Plaintiff's Complaint (Dkt. No. 1) is **DISMISSED**.

Dated: June 28, 2021

*Bill Carter*
William B. Mitchell Carter
U.S. Magistrate Judge